UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BATRAZ TOTROV (A-246-905-326),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-2697 DC CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Batraz Totrov (A-246-905-326), a noncitizen, filed a verified petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Petitioner is represented by counsel. Petitioner claims a violation of petitioner's procedural and substantive due process rights under the Fifth Amendment (claims one and two), the Administrative Procedure Act (claim three), and various regulations (claim four). For the following reasons, this Court recommends that the petition be granted on petitioner's first claim.

## I.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004)

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

(citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.    FACTUAL BACKGROUND

Petitioner is a citizen and national of Russia who entered the United States on January 18, 2023, at the San Ysidro port of entry.  (ECF No. 1 at 2.)  Petitioner was paroled pursuant to Section 212(d)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1182(d)(5), with a Class of Admission of "DT."  (Id.)  Petitioner's parole expired on January 17, 2024.  (ECF No. 8 at 2.)  According to the January 18, 2023 Notice to Appear, respondents initiated removal proceedings under 8 U.S.C. § 1229a (INA § 240).[2]  (ECF No. 8-3 at 1.)  Petitioner timely applied for asylum.  (ECF No. 1 at 6.)  Respondents issued petitioner an Employment Authorization Document.  (Id.)  Petitioner resided in the U.S. for nearly three years, and complied with all conditions of his release.  (Id.)  Petitioner has no criminal history.  (Id.)

Petitioner was re-detained on November 25, 2025.  (Id. at 6.)

On December 2, 2025, petitioner filed a request for bond redetermination.  (Id. at 7.)  On December 10, 2026, the immigration judge issued a summary order finding the court lacked jurisdiction because petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).  (Id.)

///

---

[2]  Removal proceedings pursuant to INA § 240 (8 U.S.C. § 1229a) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

III.    PROCEDURAL BACKGROUND

On April 10, 2026, petitioner filed the habeas petition, a motion for temporary restraining order, and an amended motion for temporary restraining order.  (ECF Nos. 1-3.)  On April 10, 2026, the district court found the amended motion for temporary restraining order was untimely, and converted it to a motion for preliminary injunction and issued a briefing order.  (ECF No. 7.)  On April 15, 2026, respondents filed an opposition to the motion for preliminary injunction.  (ECF No. 8.)  On April 15, 2026, petitioner filed a reply.  (ECF No. 9.)  On April 16, 2026, petitioner filed a statement regarding consolidation of the preliminary injunction with a ruling on the merits of claim one of the habeas petition.  (ECF No. 10.)  On April 29, 2026, the district court granted the motion for preliminary injunction, ordered petitioner's immediate release, and referred the matter to the assigned magistrate judge.  (ECF No. 11.)  On May 1, 2026, this Court provided respondents an opportunity to file an answer if needed.  (ECF No. 12.)  On May 3, 2026, respondents submitted the matter on its prior briefing.  (ECF No. 13.)

IV.    DISCUSSION

On April 10, 2026, the district court ordered respondents to substantively address whether there are any factual or legal issues in this case that materially distinguish it from the district court's prior orders.  (ECF No. 7 (citing Selis Tinoco v. Noem, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025); Labrador-Prato v. Noem, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) D.L.C. v. Wofford, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026)).)  In addition, the district court ordered both parties to address whether they oppose the court ruling directly on the petition, but as to petitioner's first claim only, to the extent a ruling on the first claim entitled petitioner to the relief sought in the petition.  (Id.)

On April 15, 2026, respondents filed an opposition to the motion for a preliminary injunction.  (ECF No. 8.)  In the opposition, respondents argued that petitioner's detention is lawful under the Constitution and applicable provisions of the INA, and argued that this case differs from those cited by the district court because petitioner is an arriving alien because he applied for admission at the port of entry upon his arrival into the United States.  (Id. at 1.)  Under 8 C.F.R. § 100.1(q), respondents contend petitioner remains an arriving alien even if paroled.  (Id.

3

at 1-2.)  As an arriving alien, respondents argue that petitioner is subject to mandatory detention. (Id. at 4-5.)  Respondents cite Avila v. Bondi, No. 25-3741, 2026 WL 819258 (8th Cir. Mar. 25, 2026) and Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), in support of their position that § 1225(b)(2)(A) is applicable here.  (Id. at 6.)  Respondents do not argue that petitioner is a flight risk or a danger to the community and instead argue that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2) and he is ineligible for a bond hearing.  (Id. at 6-7.)  Respondents also argue that petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress.  (Id.) Finally, respondents contend that §§ 1225(b)(2)(A) and 1182(d)(5)(A) are constitutional as applied to petitioner.  (Id. at 7-10.)

On April 29, 2026, the district court found that respondents failed to identify any material distinction between this case and the court's previous decisions cited in the April 10, 2026 order, granted petitioner's motion for a preliminary injunction, and ordered petitioner's immediate release.  (ECF No. 11 (citing Selis Tinoco, 2025 WL 3567862; Labrador-Prato, 2025 WL 3458802; D.L.C., 2026 WL 25511).)  In addition, the district court ordered that respondents shall not impose any additional restriction on petitioner, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing; and if the government seeks to re-detain petitioner, the government must provide no less than 7 days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.  (Id.)  The district court referred this action to the assigned magistrate judge for further proceedings.  (Id.)

On May 3, 2026, in response to this Court's scheduling order, respondents submitted the matter on the current record.  (ECF No. 13.)  Briefing is closed.  (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by re-detaining him and continuing to detain him without a

4

hearing (claim one). See Selis Tinoco, 2025 WL 3567862; Labrador-Prato, 2025 WL 3458802; D.L.C., 2026 WL 25511). Here, petitioner lived in the United States for almost three years, complied with all conditions of release and has no criminal record. "[T]he constitution does not countenance fictional erasure of his actual presence in this country—or his concomitant due process rights." See Dieng v. Hermosillo, 2026 WL 411857, at *5 (W.D. Wash. Feb. 13, 2026) (finding Dieng's due process and statutory rights were violated by his re-detention and ordering his immediate release).[3]

Because the resolution of the first claim provides the relief requested, and petitioner does not object (ECF No. 10), the Court need not reach petitioner's second, third, and fourth claims.

This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Petitioner shall be allowed to have his counsel present at any such hearing.

V.    CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Batraz Totrov (A-246-905-326) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Petitioner shall be allowed to have his counsel present at any such hearing. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

---

[3] Dieng, like petitioner, entered the U.S. at the border, was paroled into the country, sought asylum, and lived in the U.S. for years prior to his re-detention. Dieng, 2026 WL 411857, at *1-2.

5

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 4, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/totr2697.157.2241.imm

6